UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
GAVIN JEFFERSON RILEY,
Defendant.

CASE NO. MJ07-503

DETENTION ORDER

Offense charged:

Bank Fraud, in violation of Title 18, U.S.C., Section 1344.

Date of Detention Hearing: October 31, 2007

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Patricia Lally. The defendant was represented by Michael Filipovic.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

Defendant is viewed as a risk of flight for several reasons.

A) There are pending state charges of second degree assault involving one of his

children. While the children are in Child Protective Custody, he has been granted visitation. He told Mercer Island Police, however, that "when he got his kids back, he would leave the jurisdiction." This statement presents grave concerns for both his reliability on bond because $100,000 of another person's money was posted in that case, yet these words suggest disregard which places those funds at risk.

B) The nature of the offenses involve three different victims, one of whom, Ms. Buccigrossi, has been identified as having contributed the funds of $100,000 for the defendant's state court bond and was called by the defense in this hearing. She testified that the defendant presented no flight risk and that his primary goal was to be reunified with his children. Taking these words as true, together with the defendant's statement to Mercer Island Police, these words suggest a complete misunderstanding of the grave nature of the state criminal charge that proceeds within the criminal courts, despite the dependency status of his children. Because one of his children is an alleged victim and the other is a potential witness to the alleged crimes, his intention to leave after gaining custody strongly suggests that he does not intend to remain in this jurisdiction to address state or federal criminal charges.

Thus, the Court concludes that by a preponderance of evidence, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant

is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of November, 2007.

U.S. Magistrate Judge, Monica J. Benton